May it please the Court. One of the most basic principles of civil law is that everyone is responsible for exercising reasonable care to avoid harm and loss to him or herself or to others. In the case of small and large businesses, ordinary care requires that two people look at checks and deposits and records kept. Division of responsibility is essential to avoid embezzlement. Failure to divide responsibilities is a breach of the duty of ordinary care of every business. So somebody has to be looking over their shoulder and if no one's looking over their shoulder, the temptation to steal is too much for a lot of people. Since 1885, California law has held that persons whose failure to use ordinary care contributes to the making of a forged or unauthorized endorsement on an instrument or depositing an instrument with no endorsement, that person is precluded from asserting the forged missing endorsement against a person who in good faith pays the instrument or takes it for collection. Now that law remains the law in the California Uniform Commercial Code which was amended in 1992. It was in commercial code section 3406A in the 1963 commercial code and it's still in 3406 in the 1992 commercial code which is current today. In the 1963 code, the preclusion appeared in both section 3404 unauthorized signatures and section 3406 negligence contributing to unauthorized signature. The 1992 revisions were intended to clarify the law by removing the duplicated preclusion from Uniform Commercial Code's unauthorized signature 3404. Counsel, with respect to 3404, aren't we just dealing with the fact that your opponent claims in effect that you've waived the defense under 3404 and you're arguing that in fact there is enough ambiguity on the Lori B and the name, let's see, it's Desert Underground Lori B that it ought to go to the jury. Isn't that really what we're talking about under 3404? The 3404 that I'm talking about was unauthorized signatures and what I'm talking about here is a confusion in believing that this preclusion is no longer law which led the court not to even apply comparative negligence or the preclusion of Uniform Commercial Code section 3406 which is negligence contributing to an unauthorized signature. Counsel, let me ask you this. One of your arguments I think in this case is that under 3405 you should prevail, correct? We have arguments under 3404 and 3405 that we should prevail. We also have the argument that I'm talking about now which is... But let's get to 3405 because we have a limited amount of time. We want to make sure we have clarity on what I think may be a key issue for you in this case. 3405 B and C, specifically 350C seems to be a good statute for you in this case. The idea that if the names are very similar, that's a potential defense for the bank. Can you confirm to me how this was addressed or not addressed by the district court? 3405? Right, and I'm going to guide the parties to... I saw in your briefing you raised it in an opposition summary judgment as well as in your motion for summary judgment and then you filed a motion for reconsideration which the district court denied at excerpt of record page 23. Did the district court ever specifically explain why 3405C2 did not apply in this case? No, Your Honor. I don't believe the court explained that. The question of whether the names of the accounts were substantially similar, clearly there's an issue for the account of... As a matter of fact, the name of Edmire's corporation, DBA Lori B, being similar to the name on the checks, Lori B LLC. The point I wanted to address here is the point that the issue preclusion precludes the whole action. The court didn't apply comparative negligence at all and she mistakenly thought that the issue preclusion was removed from uniform commercial code entirely in 1992 and didn't even address the issue. Now we've raised that in our brief and the Supreme Court in Cooper v. Union Bank in 1973 explained that everybody has to be careful that all through the history of our commercial law, if somebody's negligent and doesn't have this dual responsibility and allows someone to steal after a reasonable period not exceeding six months, that person is precluded from suing whatever bank is dealing with the embezzler. In this case, the guy was stealing from 2009 until 2014. So you're arguing that basically the... I don't know whether you're saying it's a statute of limitations or just issue preclusion. What do you think? This is issue preclusion. These are the courts within... The checks within the statute of limitation are what the bank is being sued for. Now he had so much power over the books and records that he signed 27 of the checks that are the subject of this judgment against the bank with authority to sign them. He had authority to make the checks, deposit them, transfer money between accounts, and he misused that authority from 2009 to 2010 to the extent of more than $160,000. And then from then on, he continued to do that, and he should be precluded by the preclusion in 3406, which reads as follows. A person whose failure to exercise ordinary care contributes to the alteration of an instrument or to the making of a forged signature on an instrument is precluded from asserting the forgery against a person who in good faith pays the instrument or takes it for... What was the forgery? I'm sorry? What was the forgery or alterization? Forgery includes missing endorsements and the endorsement of the check under 3406. The cases say a missing endorsement of forged is the same as a forged endorsement. And we asked this court to eliminate the confusion and clearly set forth the fact that the 1992 amendments to the Uniform Commercial Code did not eliminate that long-established law. Although the Commercial Code, the state statute, has been adopted by 49 states, including all the states of the Ninth Circuit. So it's an important issue. But again, we're sitting here as a federal court interpreting California law. Should we be looking for opportunities to clarify California law? Don't we normally let the state courts do that? Well, in this case, no one has clarified it, and it would be apt for the Ninth Circuit to clarify the fact that the law still says you have to apply these principles of preclusion to people who are negligent. I guess I'm trying to understand why you seem to run away from your 3405C2 argument. It seems to me that's one of your best arguments, but you keep wanting to go back to the other one. Is there something I'm missing about this one? I wanted to make that point, and I'm finished with that. So yes, 3405 is an important part of the defense. Ed Meyer was a person with responsibility for the checks, and the checks were deposited in an account in a name substantially similar. Let me ask you this following up on my colleague's comment. We usually like to see some case law that fleshes out the issue. In this case, you've got an ambiguity in the names, and the only case that I believe was cited, and perhaps it wasn't even cited, maybe we found it, was Shane Smith Enterprises, Inc. v. Bank of America, and it's an Arkansas District Court case, which is not exactly an overwhelming precedent. But the only way I can find it in the commercial code, of course, we are authorized to look nationwide, given the uniformity of most commercial code provisions. Do you have any other case that would buttress your argument that the, if you will, the names of the parties are substantially similar enough that this ought to go back to the court for a jury? Yes, Your Honor. We begin at page 50 of our brief talking about cases that found, as a matter of law, that endorsements were names substantially similar to the name of the payees of the checks. We have a Fifth Circuit case in which the court found, as a matter of law, that the name Jimmy Holloway, DBA, Coastal Agricultural Limestone Supply, was substantially similar to the name of the payee of the checks, Coastal Agricultural Supply, Incorporated. And then we list a number of cases that say that the names are substantially similar in those cases. And may I reserve five minutes for rebuttal? Oh, you can reserve whatever you want. You're the boss. I'd like to reserve this five minutes for rebuttal. Okay. Very good. Thank you, Your Honor. We'll hear from the other side then. Good afternoon. Good afternoon. Stephen Glazer on behalf of the appellee, Lori B. LLC. Let me get right to this issue of substantial similarity of the two names under Section 3504C. The two names are not substantially similar, as a matter of law, because the name on the account, as a whole, Desert Underground Utilities, Incorporated, DBA, Lori B., denotes that the account holder is a corporation. The checks are made payable to Lori B., LLC, Limited Liability Company, which denotes that that is a separate legal entity. And there's not a lot of case law in this area, but there is a clear line of demarcation in the cases that exist that when the two names... What is your best case for your argument that any confusion between the entities for purposes of whether this was appropriately deposited, what's your best case that, as a matter of law, no one could have permitted this to occur and been in their right mind? I think the best case is In re McMullen Oil Company, where the two names were McMullen Oil Company and McMullen Oil Company Pension Plan. And if I could, I would like to address quickly the Shane Smith Enterprises case, because that case actually, and I recognize it's a district court out of Arkansas, but it supports Lori B., LLC's position, but unfortunately Wells Fargo misquoted the case in its brief. In that case, the checks were made payable to Shane Smith Enterprises. They were put into an account with an individual's first name, DBA S. Smith Enterprises. And in determining that those two were substantially similar, the court looked at the name as a whole, and it said... Let me first quote how Wells Fargo quotes it from its reply brief. This is page 10. It says, contrary... I'm quoting Wells Fargo. In addition of the words, quote, Melvin Lewis Walker DBA, that's the part that proceeds, does not signify that the account is foreign, F-O-R-E-I-G-N, foreign and distinct from the name of the payee, Shane Smith Enterprises. So this is how Wells Fargo quotes it, that the name does not signify the account is foreign and distinct. But that's not what the case actually says. What the case says is that the words that precede the DBA in the name of the account does not signify that the account is for an entity distinct from the name of the payee. And it goes on to say, compare that with in Ray McMullen Oil Company, where the two names indicate that they are different legal entities. Is it your position, counsel, that unless we agree with you that as a matter of law, if you use the term DBA and the predecessor portion is distinct, that you... Basically we should send it back to the district court for there to be a trial, for a trial, in fact, presumably a jury to determine whether it is substantially the same. No, my position is that where the name of the account, considered as a whole, indicates that the account is foreign entity distinct from the name of the payee on the check. In this case, a corporation holds this account. The check is a limited liability company. Those two names are not substantially similar as a matter of law. That gets back to your original point, if I understood it correctly, which is that when you have a corporation and an LLC, which are obviously different legal entities, that as a matter of law, those can't be confused. Is that your position? That's correct. Those two names are dissimilar in a substantive way. And your case law substantiating that position is what? Is in Ray McMullen Oil Company. Okay. The pension case. Yes. Knight Publishing Company versus Chase Manhattan Bank, on which again, the McMullen Oil Company case relied. And I would submit that this issue is an application of undisputed facts, the names of the account and the name of the check. It's undisputed facts applied to statutory law, which I believe would be a, at least in this instance, a question of law when the two clearly are distinct legal entities. I could see a situation. We could decide this as a matter of law without sending it back for a jury trial. Yes. In this instance. I could see a situation where, for example, although the two names did not clearly signify that they were separate legal entities, where there was, it was close, but maybe not close enough, you could send that back to a jury. But the line of demarcation is where they are, represent two distinct separate entities under the law. It's not a triable issue of fact. I have a couple of questions. If the endorsement said, if the account, Desert Underground Utilities doing business as Lorry B. said doing business as Lorry B. LLC, would it have been substantially similar, even though they're not the same legal entity? I think the, can I, let me answer that in that you could not get a fictitious business name in the name of Lorry B. LLC. That's why the corporations code requires limited liability companies to have limited liability company in their name, or LLC, and corporations to have the name, word corporation, or incorporated. But I will answer your question this way. There were checks in this case made payable just to Lorry B., with no limited liability designation in them, and we withdrew those from contention. Because I think that that could raise the possibility that a check that somebody writing a check to Desert Underground Utilities, DBA, Lorry B., might just write a check out to the Lorry B. designation. I understand your answer to my first question. It says Desert Underground Utilities Incorporated doing business as Lorry B., and I asked if it said Lorry B. LLC, and you said, well, it couldn't get an LLC because? Because, oh, no, you could not get a fictitious business name with the term LLC in it, because now that's no longer a fictitious business name. That indicates it's a business entity that's a limited liability company. I don't understand. It's fictitious. That's why it says Inc. after it. I don't understand. I don't understand your answer. I'm sorry. Because when you submit a fictitious business name statement that you're doing business under a fictitious business name, I don't believe you can have ABC Corporation as your fictitious business name, because the word corporation denotes that the entity is a corporation. That's fictitious. That's what I don't understand. I'm missing something. Certainly Desert Underground Utilities Inc. was fictitious. Well, that was a corporation. Desert Underground Utilities Inc. was a corporation with the California Secretary of State, and there was a separate process for applying for a fictitious business name where you submit a fictitious business name statement with your fictitious business name. But I'm not a securities lawyer or a corporate lawyer, but I do not believe you can get a fictitious business name that uses the word corporation or LLC. To follow up, though, so you can answer my colleague's question, even if the Business and Professions Code in California says you can't, the reality is nobody checks these. You know, you publish them, it's out there, you can say whatever you want, and you can say later on, well, you shouldn't have done that. But so if it were true, if it had said what my colleague said, then what's your answer? Well, I think that's a much closer case. If it's DBA, Lori B, LLC, and the checks are written out to Lori B, LLC, then I think I'd have a much more difficult argument. I think that the argument you were making was turning on the nature. In one instance, it said incorporated, in the other, it didn't. That's why I asked the question. I don't think it does a substantial similarity necessarily turn on what kind of legal entity it is. Yes, yes. When the name on the account is McMullen Oil Company Pension Plan, which is a separate legal entity, checks made payable to McMullen Oil Company are not substantially similar. That's what the court held in that case, because a bank is required to know that a pension plan has to have its own separate account, and a corporation has to have its own separate account, and a limited liability company has to have its own separate account. And the names denote different persons under the law such that the payee on the check cannot be the account holder in this case. Can I ask one more? The other question that I had, these checks are processed, it seems to me, very quickly. They're probably, as far as I can tell, often processed within 24 hours. What is the nature of the normally when they're processed by, in this case, Wells Fargo? I assume this goes through fairly quickly. People don't sit around doing searches and taking some kind of sophisticated analysis you're making. Isn't it relevant in terms of the substantial similarity what the process is for a bank, any bank, not just Wells Fargo, in determining whether to pass, to pay the check? Not under the commercial code. And I know that's a, the commercial code doesn't, Section 3420 is clear that if a bank takes a check other than by negotiation from someone not entitled to enforce the check or obtains payment for someone not entitled to enforce the check, it's liable for conversion. Now there are a lot of exceptions, and certainly we've discussed them in this case, 3405 being one of them. My understanding of how the checks are processed by Wells Fargo is they don't even look at them below a certain deposit threshold that's pretty high. They don't even look at them. They wait for somebody to come and complain. What does that mean? They don't look at them below a certain deposit threshold? They don't, nobody does the thing that you would normally think a teller would do in the old days where you'd go and look at the name of the check and look at the back and look at the name of the account. That process of determining negotiability, Wells Fargo doesn't even do that. But the commercial code doesn't give the depository bank... Maybe I'm mistaken, but when I give a check to the teller at my bank, she looks at it. Right. She looks to see who it's made payable and... But these days people are not only depositing checks by ATM, they're taking pictures of them and sending the photos in. These banks handle a lot of checks and they don't check them below a certain dollar threshold. Do we know what the dollar threshold is? We do. That's been designated as confidential information by Wells Fargo. It's one amount when a check, when an account's been opened for less than a year. After the account's been opened for more than a year, that amount is significantly greater. It's in our expert's declaration, but the thresholds are pretty high. But my point is that the commercial code... You're not telling us, did the checks here meet the threshold? Some, several did meet the threshold. Several of these, many of these checks, maybe as much as 13, 14 of them should have been, they call it outsourcing for actual review, like a teller would over the counter. And then they're subject to scrutiny by somebody trained in determining the negotiability of checks. And we don't know if that was done or not done. I'm not sure that this makes any difference other than in terms of possible negligence, but nobody seems to have raised the Patriot Act here, which requires careful examination of these things in order to avoid people, money laundering, terrorism, and the like. Does that play any role at all in this case? And if so, what? I have not looked at that. I'm sorry to say that. I know banking procedures for commercial banks, like big banks like Wells Fargo, and I have no idea. Let's just say, arguendo. If I told you that the Patriot Act requires a bank, before accepting a deposit, to look at the check and make certain that the name of the check and role, if any, should that play, given your understanding of the commercial code? I believe that if you ever, first, that's why 3420 makes conversion automatic without, you know, if they pay the check to the wrong person, they're liable for conversion. And I would say, if you got to the point of meeting the statutory requirement that then had a and that would be negligent. We appreciate your argument, counsel. Thank you very much. Thank you. Your opponent has about five minutes left, I think. Whatever it is, he has it. Thank you. In response to the question about authority for the dissimilarity of names, I cited Coastal Agricultural Supply versus JPMorgan Chase Bank, Fifth Circuit, Jimmy Holloway, DBA Coastal Agricultural Limestone Supply was endorsed Coastal Agricultural Supply, Incorporated, and that was found sufficient. This is from pages 50, 51, and 52 of my brief. In Penny Technologies, Inc. versus Citibank, N.A., a New York case cited in page 51 of my brief, Chuck Pavel to Penny Technologies, Inc. was endorsed simply Penny Technologies and deposited to an account opened by the former president of the company with the DBA name Penny Technologies. In those cases, did the Court of Appeal decide the issue or was it sent back for jury determination? I believe these are cases of the Court of Appeal finding that these names were substantially similar. Okay. So they didn't even send them back. And then Lusitania Savings Bank, TCS, was substantially similar to TCS of America. In the Cablecase Magazine case, Chuck Pavel to Cablecast were deposited to an individual's account with the DBA Cablecast and found to be similar. And in Unlimited Adjusting Group versus Wells Fargo Bank, 174 Calab Fourth, 883, the name TCS was found to be substantially similar to the name TCS America. So we cited all those cases in our brief at pages 50, 51, and 52. Can I ask you a question which I perhaps should have addressed to your adversary? If this were a jury question, how would the jury be instructed on the question of substantial similarity? The question would be whether or not the jury found them to be substantially similar. And we would be making the same arguments that we're talking about here about what's substantially similar. But it's certainly an issue of fact that you can't determine as a matter of law that a certain thing is substantially similar. And I just note that counsel referred to the McMillan Oil Company case. And I want to quote from McMillan Oil. It said, the missing endorsements are not sufficient to make LBNB liable for conversion of the checks. A bank's failure to follow reasonable commercial standards by accepting checks without the endorsement of the named payee does not make the bank liable to the payee for conversion. If the checks were deposited by an entity that was authorized by the payee to enforce the checks. And this man certainly was entitled to enforce checks. And if he's entitled to enforce checks, Uniform Commercial Code section 3420 doesn't apply at all. Because it only applies to people not entitled to enforce. Namely, not given a check by the company and told to endorse it and deposit it. So this man isn't subject to Uniform Commercial Code sections 3420 at all. I ask your opposing counsel about the Patriot Act. You undoubtedly do know about the Patriot Act, do you not? I'm not familiar with it. The bank counsel, aren't you? I'm an outside attorney representing the bank. And I represent the bank in a number of different kinds of issues. If the Patriot Act is, hypothetically, if it says that you can't deposit something that's different than the name of the depositorial. For example, if you have a check to an individual and you want to deposit it into a trust or vice versa, you're not supposed to do that, are you? If you have a check payable to an individual. And you want to deposit it into a trust or vice versa. Can you do that without evidence that the owner of the individual owns the trust or is a beneficiary of the trust? Well, if it's payable to an individual, the endorsement of the individual will take title to the item with it. And the question here is whether these endorsements are effective. And then if it's a person entitled to enforce the instrument, the endorsements are effective under the code. As far as the Patriot Act is concerned, the OCC referrals are made by Wells Fargo religiously. If there's more than $10,000 in cash, there's an OCC referral. Lots of different issues. And they're all different rules and the bank follows them all. And so are there any other questions? I don't think so. Thank you both. Thank you, Your Honor. Thank you both for your argument. We appreciate it. The case just argued is submitted. And may I just make a personal? We are so proud of this court as an independent, fair, just, and impartial arm of the US government. There are many millions of citizens who are grateful to this court. Thank you, counsel. Well, next to your argument in the case of Rooshloo versus Micro Semi Corporation.
judges: M. Smith, Owens, Korman